CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 14, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ E. Jones**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:16-cr-00069 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| BRIAN RODEN | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Before the court is defendant Brian Roden's motion for early termination of his supervised release term, which seeks relief under 18 U.S.C. § 3582(e)(1) (Dkt. No. 401.) The United States has indicated that it does not oppose the request. (Dkt. No. 403.) The court finds that a hearing is not necessary to resolve Roden's motion, which the court will grant.[1]

## I. BACKGROUND

Roden pled guilty to a single count of conspiracy to distribute 50 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 846. The court entered an amended criminal judgment on September 24, 2019, imposing a sentence of 87 months in the custody of the Bureau of Prisons to be followed by a four-year term of supervised release. The court imposed the 87-month sentence after subtracting from a 120-month term of imprisonment a period of 33 months for time that Roden spent in state custody for relevant conduct. The court also imposed a $100 special assessment and a $250 fine. Roden served his term of imprisonment and was released on October 20, 2022.

Roden has now served approximately three and one-half years of his four-year term of supervised release. As stated in his motion and as his supervising United States Probation

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant, and the government received notice and indicated it does not object. Fed. R. Crim. P. 32.1(c)(2).

Officer has confirmed to the court, he has complied with all conditions of supervision, has maintained consistent employment, and he resides in a stable home environment with his wife and children.  He has passed all urine screens to date and paid in full his financial obligations.  In 2024, he was arrested and charged with assault and battery in Washington County, Virginia General District Court, but he was found not guilty of that offense.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, the court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.[2]  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  And in recent amendments to the sentencing guidelines, effective November 1, 2025, the U.S. Sentencing Commission emphasized that the court must conduct "an individualized assessment of the need for ongoing supervision" in considering a request for early termination.  U.S.S.G. § 5D1.4.

Having considered the relevant factors, as well as the recommendation of Roden's supervising probation officer and the non-opposition of the United States, the court concludes

---

[2]  Certain sentencing factors are not to be considered when determining whether to grant early termination of supervised release.  18 U.S.C. § 3583(e).  These include the factors set forth in § 3553(a)(2)(A) and (a)(3), *id.*, which are the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the kinds of sentences available.

that the need for ongoing supervision does not exist for Roden at this time.  He has served more than eighty-five percent of the imposed term.  His only reported difficulty was that he was charged with a state offense approximately eighteen months into his term, but he was found not guilty of that offense.  He appears to have successfully transitioned back into the community, is living a stable life, has been compliant with all terms of his release, and has paid his financial obligations in full.

The court finds that there is no longer a need to protect the public or to deter Roden from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Roden's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, Roden's motion for early termination of supervised release (Dkt. No. 401) will be granted.  The court will issue an appropriate order.

Entered: April 14, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge